**Opinion filed April 4, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00074-CR

_____

## JOSEPH MARK CHARLES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37408**

### M E M O R A N D U M   O P I N I O N

Joseph Mark Charles has filed a pro se notice of appeal from his conviction for the offense of intentionally causing serious injury to a child. We dismiss the appeal.

The documents on file in this case indicate that Charles's sentence was imposed on August 25, 2011, that an untimely motion for new trial was filed on February 20, 2013, and that a notice of appeal was first filed in the district clerk's office on February 20, 2013. When the appeal was filed in this court, we notified Charles by letter that the notice of appeal appeared to be untimely filed. We requested that Charles respond on or before March 19, 2013, and show

grounds to continue this appeal. We also informed him that the appeal may be dismissed for want of jurisdiction. Charles has not filed a response in this court.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. To be timely, a motion for new trial must be filed no later than thirty days after the date sentence is imposed. TEX. R. APP. P. 21.4(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1).

The clerk's record in this case reflects that Charles's motion for new trial was not timely filed. Consequently, Charles's notice of appeal was due within thirty days of the date of his sentencing. Charles filed his notice of appeal 545 days after his sentence was imposed; it was, therefore, untimely. Absent a timely notice of appeal, this court lacks jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

This appeal is dismissed for want of jurisdiction.


PER CURIAM


April 4, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

2